UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FNU ERNAWATI,<br><br>        Petitioner,<br><br>   v.<br><br>ALBERTO R. GONZALES, et al.,<br><br>        Respondents. | ) <br> ) CASE NO. C07-852-MJP-JPD<br> ) <br> ) <br> ) <br> ) REPORT AND RECOMMENDATION<br> ) <br> ) <br> ) |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On June 4, 2007, petitioner Fnu Ernawati, proceeding through counsel, filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, Dkt. #1, and an Emergency Motion for Stay of Removal Pendente Lite, Dkt. #2. Petitioner requests that this Court enter a stay of removal, enjoining respondents from removing her from the Court's jurisdiction before her motion to reopen has been decided by the Board of Immigration Appeals ("BIA"). *Id.* The same day, the Court entered a temporary stay of removal and directed petitioner to show cause by June 18, 2007, why the Court should not deny petitioner's request for a stay of removal and dismiss petitioner's habeas petition for lack of jurisdiction. (Dkt. #3). On June 19, 2007, petitioner's counsel filed a belated response to the Court's order to show cause. (Dkt. #5).

Having carefully reviewed the entire record, I recommend that petitioner's motion for stay of removal be denied and that this action be dismissed

REPORT AND RECOMMENDATION
PAGE – 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Indonesia. (Dkt. #1 at 8). On November 29, 2001, an Immigration Judge ("IJ") in Philadelphia, Pennsylvania, ordered her removed to Indonesia. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who dismissed the appeal on June 19, 2003. Petitioner contends that she filed a motion to reconsider which was denied by the BIA on September 5, 2003. Petitioner did not file a Petition for Review in the Circuit Court of Appeals.

Petitioner was taken into custody by the U.S. Immigration and Customs Enforcement ("ICE") for removal to Indonesia. Petitioner, proceeding through counsel, filed a motion to reopen with the U.S. Immigration Court in Philadelphia which was denied for lack of jurisdiction on May 9, 2007. (Dkt. #1 at 3). On May 17, 2007, petitioner filed a motion to reopen immigration proceedings with the BIA. Petitioner's motion to reopen remains pending.

On June 4, 2007, petitioner filed the instant habeas petition and emergency motion for a stay of removal. (Dkt. #1 and #2).

## III. DISCUSSION

The standard of review for a stay of removal is set forth in *Abbassi v. INS*, 143 F.3d 513 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001) (en banc)(concluding that § 1252(f)(2) does not limit the power of federal courts to grant a stay of removal). Under *Abbassi*, petitioner must show either: (1) the probability of success on the merits plus the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor. *Abbassi*, 143 F.3d at 514. "'These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.'" *Andreiu*, 253 F.3d at 483 (quoting *Abbassi*, 143 F.3d at 514). If the applicant shows no chance of success on the merits, however, the injunction should not issue. *Arcamuzi v. Continental Airlines*, Inc., 819 F.2d 935, 937 (9th Cir. 1987).

REPORT AND RECOMMENDATION
PAGE – 2

The Court finds that petitioner meets neither prong of the *Abbassi* test. In petitioner's emergency motion for a stay of removal, petitioner contends that she "would be irreparably harmed if she is removed to Indonesia. She was raped in Indonesia and has now made her life in the U.S. Returning her to the country from which she fled would cause her irreparable harm." (Dkt. #2 at 3). While petitioner argues that she will be irreparably harmed by her removal from the United States, she has not demonstrated that this Court has jurisdiction under the REAL ID Act to stay her removal pending a collateral claim before another court. The REAL ID Act amended the Immigration and Nationality Act, eliminating federal habeas corpus jurisdiction over final orders of removal. *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Under Section 106 of the Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act]." 8 U.S.C. § 1252(a)(5). "A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act." *Mancho v. Chertoff*, 480 F. Supp. 2d 160, *2 (D.D.C. 2007) (citing *Formusoh v. Gonzales*, No. 3-07-CV-0128-K, 2007 WL 465305 (N.D. Tex. Feb. 12, 2007) (dismissing for lack of subject matter jurisdiction habeas petition of petitioner seeking stay of removal pending resolution of an I-130 petition and an I-485 adjustment of status petition); *Tale v. United States Dep't of Homeland Sec.*, 2006 U.S. Dist. LEXIS 47577, at *1 (S.D. Tex. July 13, 2006) (finding lack of jurisdiction to grant petitioner preliminary and permanent injunctions barring his deportation prior to the resolution of his claims pending before an immigration judge.)). Absent statutory or legal authority that creates an exception to the REAL ID Act, this Court lacks subject matter jurisdiction over petitioner's request for a stay of removal during the pendency of her motion to reopen before the BIA. Accordingly, because the Court is without jurisdiction to grant petitioner's requested relief, she is unable to show either a probability of success on the merits plus the possibility of irreparable harm or that serious legal questions are raised and the balance of hardships tips in

REPORT AND RECOMMENDATION
PAGE – 3

her favor.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that petitioner's motion for stay of removal be denied, and that this action be dismissed for lack of jurisdiction.  A proposed order accompanies this Report and Recommendation.

DATED this 20th day of June, 2007.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge